The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Neill Fuleihan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * A Form 21, Agreement for Compensation for Disability, having been approved by the Industrial Commission on 20 August 1991, and six Forms 26, Supplemental Memorandum of Agreement as to Payment of Compensation, having been approved by the Industrial Commission on 18 September 1991, 18 June 1992, 29 June 1992 (two), 20 July 1992 and 10 September 1992 respectively, constitute awards of record, and as such, are incorporated herein by reference. The executed Pre-Trial Agreement dated 21 July 1993, is incorporated herein by reference. Additionally, the parties through counsel entered into evidence a series of medical reports attached to, and more fully described in, the Pre-Trial Agreement and subsequent correspondence by the parties.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 23 May 1991, plaintiff, who at the time of the initial 10 November 1994 hearing in this case was a 37 year old female with a high school education and prior work experience in clerical, accounts receivable and textile jobs, sustained an injury by accident arising out of and in the course of her employment as a sewer with defendant employer when she reached out with her arms to lift a bundle of material while in a seated position and jerked her low back, resulting in an immediate onset of low back pain.
2. As a result of her 23 May 1991 injury by accident, plaintiff has been seen by Drs. Bond, Benfield and Kilby, and at Wilkes Regional Hospital and Catawba Memorial, has undergone several diagnostic studies which revealed no orthopedic or neurologic deficits, and has undergone conservative treatment for lumbosacral strain including physical therapy and work hardening, which were reasonably required to effect a cure, give relief or lessen plaintiff's disability.
3. As a result of her 23 May 1991 injury by accident, plaintiff was out of work and unable to earn any wages in any employment, and was unable to earn the same wages she was earning at the time of her 23 May 1991 injury by accident, for various periods of time between 23 May 1991 to 31 August 1992, for which plaintiff has received temporary total disability or temporary partial disability compensation pursuant to several Form Agreements approved by the Industrial Commission.
4. On 31 August 1992, plaintiff left her employment as top elastic sewer with defendant employer, a job which she had been offered and had performed intermittently since her successful completion on 2 June 1992 of a work hardening program specifically designed to replicate, and prepare her for, full time employment as top elastic sewer.
5. Plaintiff testified that, since the date of her injury by accident on 23 May 1991 and continuing to the date of the evidentiary hearing in this case, she has low back pain which radiates into her left buttocks and occasionally down her left leg with cold and numbness in her left foot, which symptoms increase the longer she sits and which prevent her from performing full time employment as a top elastic sewer or any other position for which she is vocationally qualified.
6. Plaintiff was released to return to work as a top elastic sewer without restriction by Dr. Benfield, her treating physician, on 27 August 1992.
7. Subsequent to leaving her employment as top elastic sewer for defendant employer on 31 August 1992, plaintiff has been seen by Drs. Poehling, an orthopedic surgeon, Drs. Griffin and Lauer, psychiatrists and Gary Sigmon, a vocational consultant.
8. Based upon plaintiff's reported history of symptoms and hypersensitiveness upon palpation, which are solely subjective findings, Dr. Poehling's opinion is that plaintiff has fibromyalgia or sympathetically mediated component which is causally related to plaintiff's 23 May 1991 injury by accident, and that as a result thereof, plaintiff has been capable of performing only sedentary, non-repetitive work since 16 October 1992.
9. Plaintiff has depression and somatization disorder.
10. Based upon, but not limited to, plaintiff's testimony and the testimony of the other witnesses in this case, the lack of objective medical evidence of record to support a finding that plaintiff sustained a compensable injury resulting in any condition other than a lumbosacral strain, and the medical, psychiatric, rehabilitation and vocational evidence of record, the undersigned does not accept plaintiff's testimony, or the history which she has provided others, concerning her symptoms of pain and resulting inability to work as top elastic sewer for defendant employer or to obtain other employment for which she is vocationally qualified, as credible. To the extent that Dr. Poehling's opinion of plaintiff's condition and her capacity to work, is based upon plaintiff's reported history of symptoms and hypersensitiveness upon palpation, which are solely subjective findings, his opinion is accorded limited weight.
11. Since neither plaintiff's testimony, nor the history she provided others concerning her symptoms of pain and resulting inability to work as a top elastic sewer for defendant employer or to obtain other employment, for which she is vocationally qualified, is credible, plaintiff has not proven that she has sustained a loss of wage earning capacity beyond 31 August 1992.
12. The job of top elastic sewer is suitable to plaintiff's capacity.
13. As a result of 23 May 1991 injury by accident, plaintiff sustained a lumbosacral strain from which she reached maximum medical improvement on 27 August 1992, and as a result thereof, has a five percent permanent partial disability to her back.
14. On 23 May 1991, plaintiff's average weekly wage was $308.50, resulting in a corresponding compensation rate of $205.68.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 23 May 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant employer resulting in a lumbosacral strain. G.S. § 97-2 (6).
2. As a further result of her 23 May 1991 injury by accident, plaintiff sustained a five percent permanent partial disability to her low back for which she is entitled to 15 weeks of compensation at the rate of $205.68 per week. G.S. § 97-2 (6); G.S. § 97-31 (23).
3. Inasmuch as Plaintiff has failed to prove that as a result of her 23 May 1991 injury by accident, she sustained any disability beyond 31 August 1992, except for five percent permanent partial disability to her lower back, and inasmuch as plaintiff failed to continue in employment procured by her employer which was suitable to her capacity, after 31 August 1992, plaintiff is entitled to no further compensation under the North Carolina Workers' Compensation Act. G.S. § 97-29; G.S. § 97-32.
4. Plaintiff is entitled to payment by defendant of all medical expenses incurred as a result of her 23 May 1991 injury by accident to the extent that the same are reasonably required to effect a cure, give relief or lessen her disability. G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of her permanent partial disability, compensation at the rate of $205.68 per week for 15 weeks. As said compensation has accrued, it shall be paid in a lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under the above Award is hereby APPROVED, which amount shall be deducted from the accrued benefits due under the same Award and forwarded directly to plaintiff's counsel Mr. Franklin Smith.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident of 23 May 1991, when bills for the same are submitted to defendant carrier and approved pursuant to procedures established by the Industrial Commission.
4. Defendants shall pay all costs for the initial hearing before the Deputy Commissioner, including expert witness fees in the amount of $250.00 to Dr. Poehling and $100.00 to Jennie Sinclair, and expert witness fees which have previously been ordered paid in the amounts of $150.00 to Dr. John L. Bond and $375.00 to Dr. Robert W. Benfield. Each side shall bear its own costs for hearing before the Full Commission.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER